## STATEMENT OF FACTS

On April 6, 2020, the government sought and obtained a complaint charging AMINA WASHINGTON-BEY ("WASHINGTON-BEY" or "defendant"), with two counts in Case No. 1:20-mj-00056: (1) entering or remaining in a restricted area or grounds, in violation of 18 U.S.C. § 1752(a)(1); and (2) entering restricted public property, in violation of 22 D.C. Code § 3302(b).

At the defendant's initial appearance before Magistrate Judge Deborah A. Robinson that same day (April 6, 2020), the government orally requested that WASHINGTON-BEY be released with conditions. That motion was granted, and the defendant was released on a number of conditions, including:

- Report to Pretrial Services (202)442-1000 as directed;
- Report to Community Connections on 04/07/2020 at 8:30am;
- Maintain Mental Health Services, to include medication regimen, as directed by Pretrial Services;
- Sign all Releases of Information with Mental Health Provider to allow PSA to obtain compliance information;
- Report to Probation Officer (CSO Bridget Anderson – 202-442-1268) within 48 hours;
- Report to Community Connections by 10am on 04/07/2020 to obtain medication;
- Stay away from White House complex (see attached map); and
- No rearrest on probation [sic] cause.

Although no written order has yet been issued by the Court documenting these release condition,[1] the defendant was verbally advised of his release condition by Magistrate Judge Robinson from the bench. With regards to the stay away condition, Magistrate Judge Robinson specifically advised WASHINGTON-BEY that he needed to stay away from an area around the White House for as long as the case was pending and that he would receive a map showing him the area to stay away from. In response, WASHINGTON-BEY asked how long the case would be pending for.

Following Court on April 6, 2020, Pretrial Services Officer Christine Schuck also sent WASHINGTON-BEY's case manager at Community Connections an email listing all the release conditions and all the paperwork related to the release conditions, including the map reflecting the area covered by the White House stay away order. As required by his release conditions, WASHINGTON-BEY reported to Community Connections on April 7, 2020, where he signed all the paperwork Ms. Schuck had sent over and was provided a copy of the White House stay away

---

[1] As no written order has yet been issued, the list of release conditions is taken from what Pretrial Officer Schuck emailed to WASHINGTON-BEY's Community Connections Case Manager. The list of conditions is also consistent with the recollection of the prosecutor who handled WASHINGTON-BEY's initial appearance on April 7, 2020.

map, which is attached as Exhibit A. The stay away map defines the stay away area as the area bounded by and including K Street, NW; 13th Street, NW; Pennsylvania Avenue, NW; 12th Street, NW; Constitution Avenue, NW; and 19th Street, NW. The White House stay order was still in effect on April 9, 2020.

On April 9, 2020, at approximately 8:33 p.m., your affiant, U.S. Secret Service Officer Austin Huntington, was walking southbound on 17th Street NW towards State Place, NW, when he observed WASHINGTON-BEY hiding behind a pillar and repeatedly looking around it at the U.S. Secret Service entrance post located at 1699 State Place, NW, Washington, D.C. Officer Huntington was in full U.S. Secret Service police uniform and was on a designated foot patrol of 17th Street, NW at the time. WASHINGTON-BEY did not appear dressed for an appointment in the White House complex that would have required him to use the entrance post; WASHINGTON-BEY was shoeless, wearing pink sweatpants, carrying a clear plastic bag with a blanket in it, and had two hoods pulled over his head.

Officer Huntington approached WASHINGTON-BEY and asked him if he was alright. WASHINGTON-BEY responded that he was okay. Officer Huntington introduced himself and then asked WASHINGTON-BEY his name. In response, WASHINGTON-BEY identified himself as "Washington." Officer Huntington then asked if that was his first or last name, to which WASHINGTON-BEY responded that it was his last name. When Officer Huntington then asked what his first name was, WASHINGTON-BEY said "Amina".

Officer Huntington had prior knowledge of an active White House stay away order for WASHINGTON-BEY and upon hearing the name Washington, asked another U.S. Secret Service Officer to look up the information about WASHINGTON-BEY's stay away. Officer Huntington then asked WASHINGTON-BEY if he was supposed to be here. WASHINGTON-BEY said "yes, I am supposed to be here" and that he was "invited."

Officer Huntington then raised the U.S. Secret Service Joint Operations Center (JOC) on his radio and asked them to confirm the existence of a stay away order for WASHINGTON-BEY. Upon hearing Officer Huntington's radio communication to the JOC, WASHINGTON-BEY himself stated "yes, I have a stay away." The JOC then confirmed the existence of WASHINGTON-BEY's stay away. Officer Huntington then placed WASHINGTON-BEY under arrest for contempt, as WASHINGTON-BEY was present within the area that WASHINGTON-BEY was required to stay away from as a condition of his prior release.

Based on the foregoing, your affiant submits that there is probable cause to believe that the defendant violated 18 U.S.C. § 401(3), Contempt of Court.

_____
Austin Huntington
Officer, United States Secret Service
Badge Number 2466

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 10th day of April, 2020.

_____
The Honorable Deborah A. Robinson
United States Magistrate Judge



Statement of Facts, Exhibit A